**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4450**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN LAMONT STANFIELD, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00256-RJC-7)

Submitted: November 19, 2013          Decided: November 21, 2013

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lawrence W. Hewitt, GUTHRIE, DAVIS, HENDERSON & STATON, PLLC, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Lamont Stanfield, Jr., pled guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). The district court downwardly varied from the fifty-seven to seventy-one-month Guidelines range, sentencing Stanfield to concurrent forty-two-month prison terms. Stanfield timely appealed.

Counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether Stanfield's sentence is greater than necessary to comply with the requirements of 18 U.S.C. § 3553(a) (2012). Stanfield was advised of his right to file a pro se supplemental brief, but he did not file one. Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] . . . under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence.

2

United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (analyzing Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the properly calculated Guidelines range, this Court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). We have reviewed the record and conclude that Stanfield's below-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

3

We therefore affirm the district court's judgment.  This court requires that counsel inform Stanfield, in writing, of the right to petition the Supreme Court of the United States for further review.  If Stanfield requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Stanfield.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4